UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLAIRE A. PACCHIELAT, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 24-cv-11234-ADB |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ADMINISTRATION, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Claire A. Pacchielat ("Plaintiff") brings this action against the United States Department of Health and Human Services ("HHS" or "Defendant"), based on HHS's recoupment of payments that Plaintiff received from the Provider Relief Fund, which Congress established in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020). [ECF No. 1 ("Complaint" or "Compl.")].[1] Before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. [ECF No. 31]. For the reasons articulated below, Defendant's motion is **GRANTED** without prejudice and with leave to amend.

---

[1] The case caption for this action refers to Defendant as "United States Department of Health and Human Services Administration." See [ECF No. 1 at 1]. No such entity exists, and the Court assumes this is a typographical error, and that Plaintiff intends to sue HHS instead.

**I.   BACKGROUND**

The following facts are taken from Plaintiff's Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss.  See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

Because Plaintiff is proceeding pro se, that is, without a lawyer, the Court holds her pleadings "to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)).  Accordingly, the Court liberally construes the Complaint.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Although the facts as pled are difficult to ascertain, the Court construes them as follows.  Plaintiff is the former owner of Physical Therapy and Fitness Center of Raynham, Inc., a healthcare business based in South Easton, Massachusetts.  [ECF No. 1-1].  On April 10, 2020, her business received $15,367.40 as part of a Phase 1 general distribution from the Provider Relief Fund ("PRF"), a funding source within HHS created by Congress in the CARES Act and administered by the Health Resources and Services Administration ("HRSA").  [Id.]; see also Cong. Rsch. Serv., R46897, The Provider Relief Fund: Frequently Asked Questions 1, 3–4 (2022), https://sgp.fas.org/crs/misc/R46897.pdf ("PRF FAQ").

Phase 1 recipients such as Plaintiff's business generally received funds automatically, that is, with no notice or solicitation, PRF FAQ at 3, and, by retaining the funds for at least 30 days without contacting HHS, were deemed to have accepted certain terms and conditions, HHS, <u>Acceptance of Terms and Conditions</u>, https://web.archive.org/web/20200504165508/https:/www.hhs.gov/sites/default/files/terms-and-conditions-provider-relief-30-b.pdf (last visited Sept. 4, 2025); [ECF No. 32 at 6 (confirming that these terms and conditions applied to Plaintiff)].  As relevant here, those terms and conditions required Plaintiff to submit a report on her use of the PRF funds "as the Secretary determines [is] needed to ensure compliance with conditions that are imposed on this Payment" and "in such form, with such content, as specified by the Secretary in future program instructions directed to all Recipients."  <u>Acceptance of Terms and Conditions</u>, <u>supra</u>.  Plaintiff was required to submit the relevant report between July 1, 2021 and September 30, 2021.  [ECF No. 1-2 (noting start date of reporting period)]; HRSA, <u>Provider Relief Fund Distributions and American Rescue Plan Rural Distribution: Post-Payment Notice of Reporting Requirements</u> 3 (Apr. 22, 2024), https://www.hrsa.gov/sites/default/files/hrsa/provider-relief/prf-arp-rural-post-payment-notice-reporting-requirements.pdf.  The terms and conditions warned that failure to submit a timely report "is grounds for the Secretary to recoup some or all of the payment made from the relief fund."  <u>Acceptance of Terms and Conditions</u>, <u>supra</u>.  For providers who missed the reporting period due to extenuating circumstances, HRSA created a mechanism to request an opportunity to complete their report after the reporting deadline.  <u>See</u> HRSA, <u>Request to Report Late Due to Extenuating Circumstances</u>, https://www.hrsa.gov/provider-relief/reporting-auditing/late-reporting-requests.  For recipients of Phase 1 payments, the deadline to submit a request to report late was April 22, 2022.  <u>Id.</u>

Plaintiff's business used the Phase 1 PRF funds to pay for wages and rent between April and May 2020. [ECF No. 1-1]; see also [ECF No. 1-4]. Later that year, on September 21, 2020, Plaintiff's facility closed, and Plaintiff did not file a report with HHS during the applicable reporting period. [ECF No. 1-2]. On September 8, 2023, more than three years after receiving the PRF funds and almost two years after the end of the applicable reporting period, Plaintiff was invoiced for the repayment of the PRF funds. [ECF No. 1-1]; see also [ECF No. 1-3 (noting invoice date)]. On October 8, 2023, Plaintiff filled out a "CRS Dispute Form," explaining that her business was "eligible for the funds received and the funds were used [for] the intended purposes." [ECF No. 1-2]. On October 10, 2023, HHS and HRSA sent Plaintiff a "Past Due Notice," informing her that she owed HRSA $15,524.49, a sum that included the amount of her Phase 1 payment plus accrued interest. [ECF No. 1-3]. Plaintiff claims she did not receive "[t]he allocation request" from HHS "until it was overdue." [Compl. at 5].

On May 3, 2024, Plaintiff filed the instant Complaint against HHS[2] using Form Pro Se 6, which is available on the United States Courts' website. [Compl.]; see also Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money, U.S. Courts, https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case-alleging-defendant-owes-plaintiff-sum-money. Plaintiff claims that Defendant owes her $15,524.49, based on Defendant's "actions . . . and negligence" in "send[ing] [her] a bill," which she says caused her

---

[2] The Complaint appears also to name as defendants several other entities, including HRSA and the "HRSA Cares Provider Relief Fund." [ECF No. 1 at 1, 3]. Plaintiff has properly served only HHS. See [ECF Nos. 26, 30].

4

"severe emotional harm" and cost her time. [Compl. at 3, 5].³ On May 30, 2025, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, [ECF Nos. 31, 32], which Plaintiff opposed on June 23, 2025, [ECF No. 35].

## II. LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). The plaintiff's obligation to articulate the basis of her claims "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

A complaint does not need to provide an exhaustive factual account, only "a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S at 677–

---

³ Plaintiff does not clearly state that she repaid HHS, but the amount she seeks to recover matches the total balance, including principal and accrued interest, listed on the Past Due Notice that she attaches to her Complaint. See [Compl. at 3]; [ECF No. 1-3 at 1].

78. Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and succinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., No. 15-cv-10198, 2015 WL 3407827, at *1 (D. Mass. May 27, 2015). Pro se plaintiffs are obliged to comply with the Federal Rules of Civil Procedure, including the requirements of Rule 8. See Koplow v. Watson, 751 F. Supp. 2d 317, 320–21 (D. Mass. 2010) (dismissing pro se complaint for failing to comply with Rule 8).

"When considering a motion to dismiss under subsection 12(b)(1) of the Federal Rules of Civil Procedure, the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (citing Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)). A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Where subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

Because Plaintiff is proceeding pro se, the Court generously construes the arguments in her Complaint and briefing. Bahiakina v. U.S. Postal Serv., 102 F. Supp. 3d 369, 371 (D. Mass. 2015) ("[A] document filed pro se is to be liberally construed . . . ." (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). However, a pro se

6

litigant still must comply with procedural and substantive law, id., and "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments," Brown v. Forensic Health Servs., Inc., No. 13-cv-13078, 2013 WL 6814852, at *4 (D. Mass. Dec. 23, 2013) (citation omitted).

III.    DISCUSSION

Plaintiff's Complaint appears to invoke this Court's diversity jurisdiction, [Compl. at 1], but it does not identify the legal theory under which she is proceeding. Defendant construes the Complaint as asserting common law negligence claims and claims under the federal CARES Act, and it argues that sovereign immunity bars both claims. [ECF No. 32 at 9]. Defendant also argues that the CARES Act does not create a private right of action and, on the merits, that Plaintiff fails to state a claim. [Id. at 10–13]. The Court agrees that Plaintiff's claims, as Defendant construes them, are barred by sovereign immunity. The Court is not certain, however, that Defendant's construction of the Complaint is correct.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Therefore, without an express statutory waiver of that sovereign immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting United States v. King, 395 U.S. 1, 4 (1969))). Plaintiff "has the burden of proving sovereign immunity has been waived . . . ." Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014); see also Soares v. Mass. Dep't of Youth Servs., No. 12-cv-10573, 2013 WL 5211556, at *4 (D. Mass. Sept. 12, 2013) ("It is the plaintiff's burden to identify a waiver of sovereign immunity, and if [s]he is unable to do so, h[er] claim must be dismissed on jurisdictional grounds.").

There are many statutes that grant agency-specific waivers of sovereign immunity, but the vast majority of cases involve one of three statutes: (1) the Administrative Procedure Act ("APA"), which waives sovereign immunity in federal court for actions against agencies or their officers that seek relief "other than money damages," 5 U.S.C. § 702; see also id. § 706 (addressing scope of judicial review and remedies); Bowen v. Massachusetts, 487 U.S. 879, 901 (1988) (holding that lawsuit by plaintiff "seeking funds to which a statute allegedly entitles it, rather than money in compensation for the losses . . . [the plaintiff] will suffer or has suffered" falls within scope of waiver under § 702); (2) the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity for claims for money damages caused by tortious acts of federal employees acting within the scope of their employment, 28 U.S.C. § 1346(b)(1); or (3) the Tucker Act, which waives sovereign immunity for actions seeking money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and requires such actions to be brought in the United States Court of Federal Claims, 28 U.S.C. § 1491(a)(1).

Here, to the extent Plaintiff's claims sound in tort, as her reference to Defendant's "negligence," [Compl. at 5], suggests, she must satisfy the requirements of the FTCA. See, e.g., Martin v. United States, 145 S. Ct. 1689, 1700 (2025) (noting that the FTCA "supplies the 'exclusive remedy' for damages claims arising out of federal employees' official conduct"). Those requirements include an administrative exhaustion requirement, that is, "[a]n FTCA claim must first be presented to the affected agency." Donahue v. United States, 634 F.3d 615, 622 (1st Cir. 2011); see also Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18 (1st Cir. 1993) (noting jurisdictional nature of requirement). The FTCA also "requires that the named

8

defendant . . . be the United States and only the United States," not, as here, an administrative agency such as HHS. Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)). Plaintiff's negligence claim against HHS does not comply with the requirements of the FTCA, so it is barred by sovereign immunity.

To the extent Plaintiff seeks damages to recover money that she claims she is owed under the CARES Act, as the attachments to her Complaint appear to suggest, [ECF Nos. 1-1, 1-2], she must prove that this Court has jurisdiction over such a claim by identifying a specific waiver of sovereign immunity, such as the APA. (The Tucker Act, which channels cases to the Court of Federal Claims, would not give this Court jurisdiction, and, to the extent that Plaintiff seeks an order "to enforce a contractual obligation to pay money," she must file a lawsuit in the Court of Federal Claims. Dep't of Educ. v. California, 145 S. Ct. 966, 968 (2025) (per curiam) (citation omitted).). Plaintiff has not identified a statute waiving sovereign immunity that covers her claim. See [Compl.]; [ECF No. 35]. Moreover, Plaintiff does not contest Defendant's assertion, [ECF No. 32 at 9], that the CARES Act does not contain an unequivocally expressed waiver of sovereign immunity. Cf. Amador v. Mnuchin, 476 F. Supp. 3d 125, 142 (D. Md. 2020) ("Plaintiffs do not identify a waiver of sovereign immunity in the CARES Act.").

Accordingly, to the extent Plaintiff seeks to assert claims for negligence or under the CARES Act, Plaintiff has not proved that the United States has waived sovereign immunity over these claims such that this Court has jurisdiction to consider them. Mahon, 742 F.3d at 14.

That said, the gravamen of Plaintiff's Complaint, as the Court understands it, is that Defendant failed to provide her adequate notice and an opportunity to comply with her reporting obligations before recouping the PRF funds in full. Such a claim sounds in due process and could, conceivably, fall within the APA's waiver of sovereign immunity, to the extent that

9

Plaintiff is "seeking relief other than money damages," 5 U.S.C. § 702. See, e.g., Cowels v. Fed. Bureau of Investigation, 327 F. Supp. 3d 242, 250 (D. Mass. 2018) ("[P]laintiffs' equitable claims under the Fifth . . . Amendment[] would appear to fall within Section 702's explicit waiver of sovereign immunity."), aff'd, 936 F.3d 62 (1st Cir. 2019).

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Fifth Amendment affords both substantive and procedural protections. See, e.g., Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845–46 (1998). "Procedural due process guarantees that 'before a significant deprivation of liberty or property takes place at the state's hands, the affected individual must be forewarned and afforded an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Perrier-Bilbo v. United States, 954 F.3d 413, 433 (1st Cir. 2020) (quoting González-Droz v. González-Colón, 660 F.3d 1, 13 (1st Cir. 2011)). "Due process does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226 (2006). Instead, the government must provide only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

"To state a valid procedural due process claim, a plaintiff must (1) 'identify a protected liberty or property interest,' and (2) 'allege that the defendants . . . deprived [her] of that interest without constitutionally adequate process.'" Perrier-Bilbo, 954 F.3d at 433 (quoting Air Sunshine, Inc. v. Carl, 663 F.3d 27, 34 (1st Cir. 2011)). "Government benefit programs give rise to a property interest—but only when a claimant has an entitlement to the benefit." Santos v. Fed. Emergency Mgmt. Agency, 327 F. Supp. 3d 328, 336 (D. Mass. 2018).

Here, to the extent that it can be construed as asserting a procedural due process claim, the Complaint falls far short of the requirements of Federal Rule of Civil Procedure 8 and plausibility pleading standard of Twombly and Iqbal by failing to plead a factual basis for such a claim. The Complaint lacks even basic facts, such as (1) when and how Plaintiff became aware of her reporting obligations, see [ECF No. 1-2 (noting that "reporting began 7/1/2021")]; (2) whether, and if so, when and in what amount Plaintiff repaid Defendant; and (3) whether, and if so, when Plaintiff sent her dispute form, [id.], to Defendant.[4] Rule 8 and the plausibility pleading standard described supra require much more than the single full sentence in Plaintiff's Complaint, [Compl. at 5], so that Defendant has "fair notice of the claims and their basis," Belanger, 2015 WL 3407827, at *1, and this Court can assess their strength. Here, Defendant and the Court need considerably more information and detail than Plaintiff has provided if they are to "intuit the correct cause of action." Ahmed, 118 F.3d at 890; see also Air Sunshine, 663 F.3d at 35 (finding that "'naked assertion[s]' of procedural due process violations [that were] 'devoid of further factual enhancement'" did not survive motion to dismiss (quoting Iqbal, 556 U.S. at 678)). The Court will not "construct full blown claims from sentence fragments" for Plaintiff. Brown, 2013 WL 6814852, at *4.

Defendant asks that the Court dismiss Plaintiff's Complaint with prejudice. [ECF No. 32 at 13]. "[T]he normal practice in this Circuit is to permit pro se plaintiffs an opportunity to file an amended complaint that cures any deficiencies identified by the court." Mathew v. Citigroup Glob. Mkts. Inc., No. 23-cv-12302, 2024 WL 3030513, at *7 (D. Mass. June 17, 2024). Because

---

[4] These three categories of facts are examples, not an exhaustive list, of what Plaintiff must plead to satisfy Rule 8 and the plausibility pleading standard.

Defendant has offered no reason why the Court should depart from this practice, the Court will dismiss Plaintiff's Complaint without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with leave to amend.[5]  Any amended complaint should be filed within thirty days of the date of this order.

**SO ORDERED.**

September 5, 2025                                              */s/ Allison D. Burroughs*
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE

---

[5] If Plaintiff chooses to file an amended complaint, she may wish to use Form Pro Se 1, available at https://www.uscourts.gov/sites/default/files/complaint_for_a_civil_case.pdf, instead of Form Pro Se 6.